STATE OF NEBRASKA, APPELLANT, V.
ANDREW J. HAWKINS, APPELLEE.

636 N.W.2d 378

Filed December 7, 2001. No. S-01-381.

L. Kenneth Polikov, Sarpy County Attorney, and John E. Higgins for appellant.

James E. Blinn, of Blinn & Rees, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

STEPHAN, J.

This is an error proceeding brought pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995). The State, through the Sarpy County Attorney, takes exception to a portion of an order of the district court for Sarpy County sustaining a plea in abatement filed on behalf of Andrew J. Hawkins with respect to one of three counts in the information filed against him, and dismissing that count.

We removed the matter to our docket on our own motion pursuant to our authority to regulate the dockets of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). Hawkins waived his right to file an appellate brief and has not participated in the appellate proceedings.

This case arises from the same underlying facts set forth in *State v. Rhea, ante* p. 886, 636 N.W.2d 364 (2001). Hawkins was charged by information with conspiracy to commit theft by unlawful taking in violation of Neb. Rev. Stat. § 28-202(1) (Reissue 1995) (count I); criminal possession of financial transaction devices, in violation of Neb. Rev. Stat. § 28-621(4) (Reissue 1995) (count II); and receiving stolen property having a value of more than $500 and less than $1,500, in violation of Neb. Rev. Stat. § 28-517 (Reissue 1995) (count III). Hawkins filed a plea in abatement directed to all three counts. Following an evidentiary hearing, the district court for Sarpy County overruled the plea in abatement with respect to counts I and III. The record reflects that Hawkins was subsequently arraigned on those charges and entered pleas of not guilty.

With respect to count II, the district court sustained Hawkins' plea in abatement and dismissed the charge, referring to the reasoning set forth in its opinion and order in State v. Rhea, Sarpy County District Court, docket CR 00, page 502. The Sarpy County Attorney initiated these error proceedings, taking exception to the district court's ruling with respect to count II.

The issues of statutory interpretation presented for our review in this case are the same as those addressed in *State v. Rhea, supra.* Our reasoning in that case has equal application to this

case, and no purpose would be served in reiterating it here. Accordingly, for the reasons detailed in *Rhea,* we conclude that the district court erred in sustaining Hawkins' plea in abatement with respect to count II of the information and in dismissing the charge of criminal possession of financial transaction devices. Accordingly, the State's exception is sustained, and because jeopardy has not attached, the cause is remanded to the district court for further proceedings pursuant to Neb. Rev. Stat. § 29-2316 (Reissue 1995).

EXCEPTION SUSTAINED, AND CAUSE
REMANDED FOR FURTHER PROCEEDINGS.

MCCORMACK, J., participating on briefs.